IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAYRA M. MARTINEZ,

        Plaintiff,

    v.

CAROLYN W. COLVIN,
ACTING COMMISSIONER
OF SOCIAL SECURITY,

        Defendant.

Civ. No. 6:15-cv-01398-MC

OPINION AND ORDER

_____

Drew L. Johnson
170 Valley River Dr.
Eugene, OR 97401

John E. Haapala, Jr.
401 E. 10th Ave., Ste. 240
Eugene, OR 97401
        Attorneys for plaintiff

Billy J. Williams
Janice E. Hébert
United States Attorney's Office
1000 SW 3rd Ave., Ste. 600
Portland, OR 97204

Lisa Goldoftas
Social Security Administration
701 5th Ave., Ste. 2900
Seattle, WA 98104
        Of attorneys for defendant

1 – OPINION AND ORDER

MCSHANE, Judge:

Plaintiff Mayra M. Martinez ("Plaintiff") brings this action for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). For the following reasons, the Commissioner's decision is AFFIRMED.

## PROCEDURAL AND FACTUAL BACKGROUND

On March 27, 2012, Plaintiff protectively filed an application for a period of disability, DIB, and SSI, alleging disability as of December 31, 2010. After a hearing before an administrative law judge ("ALJ"), the ALJ denied Plaintiff's claims by written decision dated January 9, 2014. Plaintiff sought review from the Appeals Council,[1] which was subsequently denied, rendering the ALJ's decision final. Plaintiff now seeks judicial review.

Plaintiff was born on June 14, 1962. Tr. 55.[2] Plaintiff was 48 years old as of her alleged onset date of disability, and was 51 years old as of her administrative hearing date. Tr. 63, 34. Plaintiff has a GED and completed a specialized program in medical transcription. Tr. 180. Plaintiff worked as a medical transcriptionist since 1997 and continued to do so, albeit in a limited

---

[1] In appearing before the Appeals Council, Plaintiff submitted new evidence. Tr. 2; *see* tr. 252, 298–307. The Appeals Council concluded the new evidence did not provide a basis for changing the ALJ's decision. Tr. 2. "[W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159–60 (9th Cir. 2012). Therefore, this Court will consider the new evidence in determining whether the Commissioner's decision is supported by substantial evidence. *See id.* at 1160.

[2] "Tr." refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

capacity since 2011, until about five months before her hearing. *Id.*, tr. 16. Plaintiff alleges disability due to anxiety, carpal tunnel, and agoraphobia. Tr. 55, 63.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2016). The initial burden of proof rests upon the claimant to meet the first four steps. If the claimant satisfies his burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. §§ 404.1520, 416.920.

At step one, the ALJ concluded Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 16. At step two, he determined Plaintiff had the following

medically determinable impairments: a history of anxiety, sleep apnea, and obesity. Tr. 17. However, the ALJ found she did not have a severe impairment or combination of impairments and therefore was not disabled under the Act. *Id.*, tr. 21.

Plaintiff contends the ALJ: (1) erroneously discredited her pain and symptom testimony; (2) erroneously discredited the medical opinion of Robert Carolan, M.D.; (3) failed to properly evaluate Plaintiff's mental impairment; and (4) failed to further develop the record.

## *I. Plaintiff's Testimony*

First, Plaintiff contends the ALJ improperly rejected her symptom testimony. Pl.'s Br. 9–13; tr. 18. Absent evidence of malingering, an ALJ "can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). Here, the ALJ provided sufficient reasons for rejecting Plaintiff's testimony.

Despite Plaintiff testifying that she suffers from debilitating social anxiety and that she cannot "go anywhere or do anything," the ALJ noted Plaintiff testified that she still attends school concerts with her family. Tr. 39, 41. Plaintiff also testified that she runs errands with her daughter and continued going to a dojo for martial arts until late 2011, well after her alleged onset date. Tr. 42, 49. Evidence of daily activities that are inconsistent with the alleged symptoms constitutes a clear and convincing reason to discredit a claimant's testimony. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).

Similarly, the ALJ concluded that Plaintiff's testimony of her sudden decline in physical functioning was unsupported by the record. Tr. 19. Plaintiff told her treatment provider in September 2012 that she engaged in martial arts and was very active physically. Tr. 262. In May 2013, Plaintiff reported that she participates in CrossFit, a "very physically demanding exercise regimen." Tr. 302. The ALJ's conclusion that Plaintiff's daily activities did not align with her claimed limitations is supported by substantial evidence in the record.

The ALJ provided specific, clear, and convincing reasons for rejecting Plaintiff's testimony.

## II. Medical Opinion Evidence

Plaintiff also contends the ALJ improperly discredited the opinion of Dr. Carolan, who saw Plaintiff on September 23, 2013.[3] Pl.'s Br. 13–15; tr. 296. The uncontradicted opinion of a treating or examining doctor may be rejected only for "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Here, the ALJ provided sufficient reasons for giving Dr. Carolan's opinion minimal evidentiary weight.

---

[3] Plaintiff argues Dr. Carolan "saw plaintiff on at least two occasions," referring to a treatment note dated August 27, 2013. Pl.'s Br. 14; tr. 297. However, only one treatment note in the record is signed by Dr. Carolan. Def.'s Br. 12; tr. 296.

The ALJ found Dr. Carolan's conclusion that Plaintiff "is completely unable to work," was unsupported by the physician's own medical assessment. Tr. 19 (citing tr. 296). "[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by . . . objective medical findings." *Batson*, 359 F.3d at 1195. The ALJ relied on Dr. Carolan's statements that Plaintiff's heart and lungs were unremarkable, Plaintiff's chest was "perfectly clear," and Plaintiff exhibited only trace edema. Tr. 296. Because of the discrepancy between Dr. Carolan's objective findings and his opinion, the ALJ reasonably concluded Dr. Carolan based his opinion on Plaintiff's subjective reporting of her limitations. *Id.*; tr. 19. "An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti*, 533 F.3d at 104. Here, the ALJ properly rejected Dr. Carolan's medical opinion.

### III. Evaluation of Mental Impairment

Plaintiff also contends the ALJ failed to provide a sufficient narrative explanation of his findings in evaluating Plaintiff's mental impairment. Pl.'s Br. 9. At step two, if a plaintiff claims mental impairment, the ALJ is required to make use of a "special psychiatric review technique." 20 C.F.R. § 404.1520a. Specifically, an ALJ

> must determine whether an applicant has a medically determinable mental impairment, *id.* § 404.1520a(b), rate the degree of functional limitation for four functional areas, *id.* § 404.1520a(c), determine the severity of the mental impairment (in part based on the degree of functional limitation), *id.* § 404.1520a(c)(1), and then, if the impairment is severe, proceed to step three of the disability analysis to determine if the impairment meets or equals a specific listed mental disorder, *id.* § 404.1520a(c)(2).

*Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 725 (9th Cir. 2011).

"[T]he regulations contemplate that written decisions . . . should contain a 'narrative rational.'" *Keyser*, 648 F.3d at 725 (citing 65 Fed. Reg. 50,746, 50,757-58 (Aug. 21, 2000)). Here,

the ALJ's explanation sufficiently details his analysis. The ALJ made an explicit finding as to each of the four functional areas as required under 20 C.F.R. § 404.1520a(e). Tr. 20. The considerations underlying those findings do not also require documentation. *See Keyser*, 648 F.3d at 726 (rejecting "such an extensive requirement," and "concluding that a specific finding as to the four functional limitations [is] sufficient"). Therefore, the ALJ did not err in evaluating Plaintiff's mental impairment at step two.

### IV. Duty to Develop Record

Finally, Plaintiff contends the ALJ failed to fully develop the record in light of ambiguity within an October 2011 treatment note. Pl.'s Br. 16–17; *see* tr. 269. "In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). "This duty exists even when the claimant is represented by counsel." *Smolen*, 80 F.3d at 1288. "Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen*, 80 F.3d at 1288).

During an appointment with Donna Scurlock, M.D., Plaintiff referenced neurological testing and indicated she had carpal tunnel and spondylolisthesis. Tr. 269. Plaintiff now relies on this reference and self-description, but these do not create the ambiguity necessary to trigger further development of the record. Plaintiff did not allege her disability was a result of either condition until the administrative hearing. Tr. 34, 59. The record also only indicates Plaintiff reported these findings, and subsequent visits to the same clinic do not indicate these were matters of concern. Tr. 269, 267, 264, 262. Lastly, the ALJ did not rely on Dr. Scurlock's treatment note in making his decision. *See, e.g.*, *Tonapetyan*, 242 F.3d at 1150 (finding duty triggered when ALJ

"relied heavily" upon testimony of medical expert who found it "difficult to say" whether medical record was complete enough to allow ALJ to reach conclusion). Therefore, the ALJ was not obligated to further develop the record.

## CONCLUSION

The ALJ's decision is free of legal error and supported by substantial evidence. The Commissioner's final decision is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this   23rd   day of September, 2016.

                                                    /s/ Michael McShane
                                                    Michael McShane
                                          United States District Judge